## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| MONETTA WILSON and § <br> PATRONELLA HOLMES, on Behalf of § <br> Themselves and on Behalf of All Others § <br> Similarly Situated, § <br> § <br> Plaintiffs, § <br> § <br> V. § <br> § <br> COMMUNITY CARE SERVICES, INC., § <br> § <br> Defendant. § | CIVIL ACTION NO. _____ <br> JURY TRIAL DEMANDED |

### PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

#### SUMMARY

1. Defendant, COMMUNITY CARE SERVICES, INC. (referred to hereinafter as "Defendant" or "CCS"), fails to pay Plaintiffs and its other domestic care and other non-exempt workers (a/k/a "Providers") overtime wages when they work more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* As a result, CCS violates the overtime wage provisions of the FLSA.

2. Plaintiffs, Monetta Wilson and Patronella Holmes, and the similarly situated employees they seek to represent, are current and former Providers employed by CCS who worked at any time during the period of September 10, 2015 to the present (hereinafter referred to as the "Class Members").

3. Defendants' time-keeping and pay practices and policies applied not only to Plaintiffs, but also to all of the Class Members. Therefore, Plaintiffs bring this suit on behalf of themselves and all other similarly situated domestic service employees.

#### JURISDICTION AND VENUE

4. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards, Act, 29 U.S.C. § 216(b).

5. Venue is proper in the Western District of Louisiana – Monroe Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and conduct charged herein occurred in this district.

**THE PARTIES**

6. Plaintiff, Monetta Wilson, lives in Rayville, Louisiana. Wilson was employed by CCS from approximately 2006 until March 1, 2018. Her written consent is attached hereto as Exhibit 1.

7. Plaintiff, Patronella Holmes, lives in Delhi, Louisiana. Holmes was employed by CCS from approximately 2008 to 2018. Her written consent is attached hereto as Exhibit 2.

8. The class of similarly situated employees consists of all Providers employed by CCS at any time during the period of September 10, 2015 to the present (hereinafter referred to as the "Class Members").

9. COMMUNITY CARE SERVICES, INC. ("CCS") is a Louisiana corporation that may be served through its registered agent, Donna Gilley Strong, 105 Johnny Walker Rd., Rayville, Louisiana 71269.

**FLSA COVERAGE**

10. At all times relevant to this dispute, CCS has been an enterprise within the meaning of the FLSA. 29 U.S.C. § 203(r).

11. At all times relevant to this dispute, CCS has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

12. At all times relevant to this dispute, CCS has had annual gross sales in excess of

$500,000.

13. At all times relevant to this dispute, CCS was Plaintiffs' "employer" pursuant to 29 U.S.C. § 203(d).

14. At all times relevant to this dispute, Plaintiffs and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

## THE FACTS

15. CCS provides home care services to elderly and/or invalid clients. CCS's Providers offer assistance to clients with one or more of the following services: bathing, grooming, toileting, transfer/ambulation, exercise regimens, medication administration, feeding, meal preparation, cleaning, laundry, shopping and escort.

16. Plaintiffs were hired to work as Providers for CCS.[1] CCS controlled Plaintiffs' conditions of employment, including their pay rate, as well as the policies and procedures that they and the other Class Members were required to follow.

17. Plaintiffs' primary duties as Provider were all performed at the private homes of CCS's clients. Plaintiffs did not live with any of CCS's clients.

18. CCS paid Plaintiffs an hourly wage.

19. CCS pays all of its Providers an hourly wage.

20. As a domestic service worker, Plaintiffs regularly worked more than forty (40) hours per workweek. In fact, a typical work schedule required Plaintiffs to work more than 50 - 65 hours per week, with many weeks requiring them to work even more.

21. Plaintiffs and the Class Members were at all times "non-exempt" employees who were

---

[1] In approximately 2008, Wilson's duties were expanded to include supervisory services that were performed in Defendant's office. However, she continued to be paid an hourly wage and was entitled to overtime pay. Wilson also saw clients in their homes and provided direct care services after she left the office in the evenings.

paid an hourly wage and were eligible to receive overtime pay pursuant to Section 207 of the FLSA. However, CCS failed to properly pay Plaintiffs and the Class Members wages as required by the FLSA.

22. CCS had one wage policy that applied to all Providers. CCS's policy was to pay "straight time" wages for all hours worked, regardless of whether or not a Provider worked more than forty (40) hours in a work week. CCS did not pay its Providers overtime wages

23. CCS's failure to pay Plaintiffs and the Class Members overtime wages violates the overtime wage provisions of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

24. Plaintiffs bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all other persons employed by Defendant as a Provider at any time during the period of September 10, 2015 to the present.

25. CCS classifies, records time for, and pays wages to all of its Providers in same manner described above. Moreover, CCS's time-keeping and wage policies are the same for all of its Providers. In this regard, CCS maintains a "common pay practice or policy" and the Class Members are similarly situated to Plaintiffs.

26. Defendants' domestic service employees ("Providers") all perform the same essential job functions and duties notwithstanding the fact that one employee might have more tenure, experience, receive a different hourly wage, or require less supervision than another employee in the same or similar position. In this regard, the Class Members are similarly situated to Plaintiffs.

27. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can easily be calculated using the same methodology and formula.

28. CCS possesses the names and addresses of all Class Members in their records.

Plaintiffs do not. The Class Members should be allowed to receive notice about this lawsuit and given an opportunity to join. Like Plaintiffs, these similarly situated workers are entitled to recover their unpaid overtime wages, liquidated damages, attorneys' fees, and other damages. Therefore, notice is appropriately sent to the following class:

> "All domestic care workers (a/k/a "Providers") who worked for CCS at any time during the period of September 10, 2015 to the present."

### CAUSES OF ACTION

29. Plaintiffs incorporate the allegations in the preceding paragraphs.

30. Defendant failed to pay Plaintiffs sand the Class Members appropriate overtime wages for all of the hours worked each week as required by the FLSA.

31. Plaintiffs and the Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek calculated at one and one half times their regular rate of pay, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

### JURY DEMAND

32. Plaintiffs hereby demands a trial by jury.

### PRAYER

Plaintiffs respectfully request that judgment be entered against CCS awarding them and all similarly situated employees:

a. Overtime wage compensation for *all* overtime hours worked;

b. An equal amount as liquidated damages;

c. Reasonable and necessary attorneys' fees, costs, and expenses of this action; and

d. Such other and further relief as may be required by law.

Resspectfully submitted,

By: */s/Robert R. Debes, Jr.*

Robert R. Debes, Jr. (*Pro Hac Vice* pending)
State Bar No. 05626150
bdebes@eeoc.net
SHELLIST | LAZARZ|SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

&

LAW OFFICES OF ED CLOUTMAN

By: */s/ Edward B. Cloutman, III*
EDWARD B. CLOUTMAN, III
TX State Bar No. 04411000/LA State Bar No. 04206
ecloutman@lawoffices.email
3301 Elm Street
Dallas, Texas 75226-1637
Telephone: (214) 939-9222
Facsimile: (214) 939-9229

ATTORNEYS FOR PLAINTIFFS